UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL RODRIGUEZ,

                    Plaintiff,

          -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
CORRECTIONAL CENTER, P.O. JOHN DOES,
(Rank Unknown) 1 through 3, sued in their
individual and official capacities,

                    Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-2070 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 1 4 2014   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

On April 9, 2013, plaintiff Miguel Rodriguez ("plaintiff") filed a civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") against County of Suffolk ("Suffolk County"),

Suffolk County Correctional Center, and P.O. John Does (collectively, "defendants"). [Docket

Entry No. 1]. On September 27, 2013, defendants moved for summary judgment. [Docket Entry

No. 12]. Now before the Court is the Report and Recommendation of Magistrate Judge Gary R.

Brown dated June 30, 2014 (the "Report"), that defendants' motion for summary judgment be

granted as to the state law claims, and denied as to the federal claims.[1] [Docket Entry No. 16].

On July 1, 2014, Suffolk County filed objections to the portion of the Report that recommends

the denial of summary judgment as to the federal claims ("Obj."). [Docket Entry No. 17]. On

July 4, 2014, plaintiff filed a response to Suffolk County's objections. [Docket Entry No. 18].

For the reasons that follow, the Court accepts Magistrate Judge Brown's Report in its entirety.

---

[1]     The facts underlying this action are set forth in the Report. *See* Report, at 2-5.

I.    Analysis

A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B. Objections to the Report

No parties have objected to the portion of the Report recommending that summary judgment be granted to defendants on plaintiff's state law claims. Upon review, the Court is satisfied that such recommendation is not facially erroneous. Accordingly, that portion of the

Report is adopted by the Court and summary judgment is granted to defendants on plaintiff's state law claims.

Suffolk County objects to the portion of the Report recommending that defendants' summary judgment motion be denied with respect to plaintiff's federal claims. Specifically, Suffolk County contends that "the recommendation of Judge Brown that the plaintiff be excused from the PLRA's exhaustion requirement because the administrative remedies were rendered effectively unavailable based upon an alleged threat against the plaintiff and an alleged failure to provide a grievance form upon request were clearly erroneous and contrary to the law." Obj., at 1. Accordingly, the Court is required to conduct a *de novo* review of Magistrate Judge Brown's recommendation that plaintiff be excused from the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). For the reasons that follow, upon *de novo* review, the Court overrules Suffolk County's objections, and accepts Magistrate Judge Brown's recommendation that defendants' summary judgment motion be denied as to plaintiff's federal claims.

C. Prison Litigation Reform Act

The PLRA prohibits a prisoner in any jail, prison, or correctional facility from initiating an action "with respect to prison conditions under section 1983 . . . or any other Federal law" "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 522, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

To determine whether a plaintiff may be excused for failing to exhaust administrative remedies as required by the PLRA, the Court must consider whether: (1) administrative remedies were, in fact, "available" to the prisoner; (2) the defendants are estopped from raising

the non-exhaustion defense by failing to preserve it or by taking affirmative action to inhibit the plaintiff's pursuit of available remedies; and (3) special circumstances "have been plausibly alleged" to excuse the plaintiff's failure to comply with the applicable procedural requirements. *Hemphill v. New York*, 380 F.3d 680, 686, 689 (2d Cir. 2004); *see also Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

1.  Availability of Administrative Procedures

The first prong of the *Hemphill* test, whether administrative remedies were "available," is an objective test that asks if "a similarly situated individual of ordinary firmness [would] have deemed [administrative remedies] unavailable." *Hemphill*, 380 F.3d at 668 (internal quotation marks omitted). "[T]hreats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance," rendering administrative remedies unavailable. *Id.*

Magistrate Judge Brown concluded that "following the serious assault of plaintiff, resulting in his hospitalization, a specific threat was issued that the beating could happen again at 'any time,'" which "could potentially justify waiver of the exhaustion requirement." Report, at 10. Suffolk County objects to Magistrate Judge Brown's interpretation of the sentence in plaintiff's affidavit regarding the alleged threat, which states, in its entirety, that "[f]ollowing the shakedown and the assault, the officers returned and the officer with the three stripes gave a threatening warning that 'this' could happen again, and at any time." Affidavit of Miguel Rodriguez ("Pl. Aff.") [Docket Entry No. 12-15], ¶ 17. Suffolk County argues that the alleged statement by the officer that "'this' could happen at any time" referred to further shakedowns, and not further beatings. Obj., at 2. Furthermore, Suffolk County argues that because the

4

alleged threat was not related to the grievance procedures at the Suffolk County Correctional

Facility ("S.C.C.F."), it should not render the grievance procedure unavailable. *Id.*

Assuming, *arguendo*, that this Court agreed with Suffolk County regarding the alleged

threat, the Court still concludes that an independent reason rendered administrative remedies

unavailable to plaintiff. The Inmate Handbook provided to all inmates at the S.C.C.F. states that

"you may request and will receive a grievance form to fill out." Inmate Handbook [Docket

Entry No. 12-6], at 16. Suffolk County argues that "plaintiff made a single request for a prisoner

grievance form and he abandoned said request when a corrections officer asked him 'What for?'

in an allegedly 'intimidating manner.'" Obj., at 2 (quoting Pl. Aff., ¶ 24). However, Suffolk

County's characterization of these events does not alter the fact that plaintiff did not receive a

grievance form following his request, in direct contravention of the Inmate Handbook. This

Court agrees with Magistrate Judge Brown that "[i]f an inmate must properly follow the

prescribed grievance procedures, the correctional facility should certainly be held to the same

standards when making grievance forms available to inmates who request them." Report, at 11-

12.

Next, Suffolk County argues that "the alleged unavailability of an official grievance form

during the period during which a grievance must be filed is insufficient to excuse a failure to file

as New York law permits the filing of grievances on any plain piece of paper." Obj., at 2-3

(citing 7 N.Y.C.R.R. § 701.5(a)(1)).[2] However, the Inmate Handbook does not advise inmates

that they may file a grievance on any piece of paper if a grievance form is unavailable. There is

---

[2]    In support of this argument, Suffolk County relies on this Court's decision in *Tomony v. County of Suffolk*, No. 10 Civ. 5726, 2013 WL 55821 (E.D.N.Y. Jan. 3, 2013). However, in *Tomony*, the plaintiff's allegation that he was denied access to grievance forms was belied by the fact that he had filed a grievance form during the relevant time period regarding an unrelated matter. 2013 WL 55821, at *6. Here, there is no evidence in the record that plaintiff obtained or filed a grievance form in an unrelated matter.

nothing in the record to indicate that plaintiff, or a "similarly situated individual of ordinary firmness," would have known that New York law permits the filing of grievances on any plain piece of paper. *Hemphill*, 380 F.3d at 668; *cf. Ceparano v. Cnty. of Suffolk*, No. 10 Civ. 2030, 2013 WL 6576817, at *5 n.5 (E.D.N.Y. Dec. 13, 2013) (noting that "[p]laintiff's submissions demonstrate his knowledge of Section 701.5").

Magistrate Judge Brown properly concluded that "[i]n light of the correctional officer's failure to provide a grievance form upon request, defendants rendered their administrative remedies unavailable." Report at 11. Accordingly, Suffolk County's objections are overruled and defendants' motion for summary judgment as to plaintiff's federal claims is denied.

II.     Conclusion

For the foregoing reasons, Magistrate Judge Brown's Report is adopted in its entirety as an order of the Court. Defendants' motion for summary judgment is granted as to plaintiff's state law claims, and denied as to the federal claims. Plaintiff's state law claims are dismissed. Plaintiff's federal law claims remain pending. A pretrial conference is scheduled before Judge Feuerstein in Courtroom 1010 at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722, on September 4, 2014 at 11:15 a.m.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 14, 2014
Central Islip, New York